IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK WAYNE PLEASANT,<br>    Defendant. | CRIMINAL ACTION NO.<br><br>1:22-cr-298-JPB-CMS |

## **FINAL REPORT & RECOMMENDATION**

This case is before the Court on Defendant Patrick Wayne Pleasant's Motion to Dismiss. [Doc. 30]. Pleasant argues that the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1), violates the Second Amendment to the United States Constitution. For the reasons discussed below, I will recommend that Pleasant's motion be denied.

### I.     BACKGROUND

On August 16, 2022, a grand jury sitting in the Northern District of Georgia returned a one-count indictment against Pleasant alleging that on November 20, 2021, Pleasant was a convicted felon who knowingly possessed a firearm in violation of the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1). [Doc. 1, Indictment]. That code section provides, in relevant part:

> It shall be unlawful for any person . . . who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year . . . to  . . . possess in or affecting commerce, any firearm . . . .

18 U.S.C. § 922(g)(1).

The Second Amendment to the United States Constitution reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II.

In 2008, the United States Supreme Court issued its opinion in *District of Columbia v. Heller*, holding that the Second Amendment codifies a pre-existing individual right of the people to bear arms. *Dist. of Columbia v. Heller*, 554 U.S. 570, 595 (2008).  Heller was a law enforcement officer in the District of Columbia who was allowed to carry a handgun while on duty. *Id.* at 575.  However, Heller was not allowed to register a handgun to keep in his D.C. home because of D.C.'s strict bar on handguns. *Id.* The Supreme Court held that D.C.'s complete ban on handgun possession in the home, by law-abiding citizens, was an unconstitutional infringement of the Second Amendment that would not survive any level of scrutiny. *Id.* at 627–29. In its decision, however, the Supreme Court made clear that the right to possess firearms belonged to "law-abiding, responsible citizens" and therefore, longstanding prohibitions on felons' ability to possess firearms were appropriate and constitutional, stating:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, ***nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons*** and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

554 U.S. at 626–27 (emphasis added).

After *Heller*, a plurality of the Supreme Court "repeat[ed]" its "assurances" that Heller "did not cast doubt on such longstanding regulatory measures" as felon-in-possession bans. *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion).

In 2010, the Eleventh Circuit considered a Second Amendment challenge to Section 922(g)(1). *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010). In *Rozier*, the Eleventh Circuit relied on *Heller*'s statement about longstanding restrictions on felon firearm possession to affirm the constitutionality of Section 922(g)(1). *Id.* at 770–71.

Last year, the United States Supreme Court issued another Second Amendment opinion in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) ("*Bruen*"). In *Bruen*, the Supreme Court again addressed gun rights for law-abiding citizens, holding that a New York firearm regulation violated the Second Amendment because it required that the gun owner make a special showing

of necessity before he could publicly carry a firearm for self-defense. *Id.* at 2122. The Court stated that "the standard for applying the Second Amendment" is as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 2129–30. The Court ruled that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

In his motion to dismiss, Pleasant argues that in light of *Bruen*, Section 922(g)(1) should now be held unconstitutional because the Government cannot meet its burden of establishing that prohibiting felons from possessing firearms is consistent with this country's historical tradition of firearm regulation. [Doc. 30 at 3–7]. The Government has filed a response arguing, among other things, that nothing in *Bruen* changes the law with respect to prohibitions on felons' rights to possess firearms. [Doc. 33]. Pleasant did not file a reply brief.

## II. DISCUSSION

As noted above, the Eleventh Circuit has already addressed, and clearly rejected, the issue that Pleasant raises in this motion. *See Rozier*, 598 F.3d at 771.

In *Rozier*, the defendant challenged the constitutionality of Section 922(g)(1), arguing that under the reasoning of *Heller*, he should be allowed to possess a handgun in his home for self-defense, notwithstanding his status as a felon. *Id.* at 770. The Eleventh Circuit relied on *Heller* for the proposition that Second Amendment rights are "not unlimited" and that "the initial question is whether one is *qualified* to possess a firearm." *Id.* (emphasis in original). Noting that Rozier's Second Amendment right to bear arms was not weighed in the same manner as that of a law-abiding citizen and that the *Heller* opinion clearly stated that the Supreme Court did not intend to cast doubt on longstanding prohibitions on the possession of firearms by felons, the Eleventh Circuit held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* at 771. The Eleventh Circuit concluded that statutory restrictions of firearm possession, such as Section 922(g)(1), "are a constitutional avenue to restrict the Second Amendment right of certain classes of people. Rozier, by virtue of his felony conviction, falls within such a class. Therefore, the fact that Rozier may have possessed the handgun for purposes of self-defense (in his home), is irrelevant." *Id.*

Thus, the Eleventh Circuit has clearly and unequivocally held that Section 922(g)(1) does not violate the Second Amendment to the United States Constitution.

*See Rozier*, 598 F.3d at 770–71.  A prior Eleventh Circuit precedent remains binding in the face of an intervening Supreme Court case unless that case is "clearly on point" and "actually abrogate[s] or directly conflict[s] with, as opposed to merely weaken[ing], the holding of the prior panel."  *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).  Here, *Bruen* does not satisfy these criteria, and *Rozier* remains binding law in this Circuit.

The *Bruen* decision concerned the Second Amendment right of an ordinary law-abiding citizen, and the Court took pains to remind the reader of the difference between a law-abiding citizen and a convicted felon for purposes of the Second Amendment analysis.  Throughout his majority opinion, Justice Thomas repeatedly limited his analysis to the right of "law-abiding" citizens.  142 S. Ct. at 2122, 2125, 2131, 2133, 2134, 2138, 2150, 2156.  In a footnote, the Court stated that licensing regimes requiring background checks and/or firearms safety courses were permissible because they "are designed to ensure only that those bearing arms in the jurisdiction are, in fact, 'law-abiding, responsible citizens.'"  *Id.* at 2138 n.9 (quoting *Heller*, 554 U.S. at 635).  And several justices went out of their way to make clear that the opinion was not intended to address the Second Amendment rights of felons.  In a concurring opinion, Justice Samuel Alito stated:

> That is all we decide.  Our holding decides nothing about **who may lawfully possess a firearm** or the requirements that must be met to buy

6

a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2018) about restrictions that may be imposed on the possession or carrying of guns.

142 S. Ct. at 2157 (Alito, J., concurring) (emphasis added). Another concurring opinion written by Justice Kavanaugh and joined by Chief Justice Roberts also made clear that *Heller* did not cast doubt on the longstanding prohibitions on possession of firearms by felons and the mentally ill. 142 S. Ct. at 2162.

As such, *Bruen* provides no basis to second-guess *Heller*'s statements about restricting firearm access for felons, and thus, no reason to second-guess *Rozier*. *See Gordon v. United States*, No. 1:22-cv-2949, 2023 WL 336137, at *1 (N.D. Ga. Jan. 20, 2023) (Ross, J.) ("Nothing in *Bruen* . . . indicates that the statute that criminalizes the possession of a firearm by a convicted felon is unconstitutional."); *see also United States v. Williams*, No. 1:21-cr-362-LMM-LTW, 2022 WL 17852517, at *2 (N.D. Ga. Dec. 22, 2022) (May, J.) (finding that *Rozier* remained binding precedent after *Bruen* because *Bruen* involved the "Second Amendment rights of 'law-abiding citizens,'" and "[i]t is axiomatic that a felon is not a law-abiding citizen"). *Rozier*, therefore, remains binding precedent in this Circuit. *Id.* Because binding Eleventh Circuit precedent requires a conclusion that Section

922(g)(1) does not violate the Second Amendment to the United States Constitution, the motion to dismiss should be denied.

### III. CONCLUSION

For the reasons stated above, I **RECOMMEND** that Pleasant's Motion to Dismiss [Doc. 30] be **DENIED**. There are no other pending matters before me in this case. Accordingly, Pleasant's case is hereby **CERTIFIED** ready for trial.

This 19th day of October, 2023.

_____
CATHERINE M. SALINAS
United States Magistrate Judge